BEFORE THE THIRD DIVISION, JANUARY 8, 1952

**No. 56250.**—R. Dixon & Co., Inc. v. United States, protest 174088–K (New York).

Opinion by JOHNSON, J. It was stipulated that the items of merchandise marked "A" consist of cheese similar in all material respects to the Romano, Sardo, and Sbrinz cheese the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706); that the items marked "B" consist of cheese the same as the Reggiano cheese involved in *Scaramelli* v. *United States, supra;* that the items marked "C" consists of cheese the same as the Pepato cheese passed upon in Abstract 42146; and that the cheese described as "Sardo Cheese," assessed at 35 percent under paragraph 710, consists of Romano cheese which was entered for consumption subsequent to the effective date of the trade agreement with Argentina, *supra.* In accordance with stipulation of counsel and following the

·cited decisions the court held as follows: (1) The items of merchandise marked with the letters "A" and "C" are subject to an allowance for tare of inedible ·coverings of 2½ percent from the net weight reported by the United States ·weigher; the items marked with the letter "B" are subject to an allowance for tare of inedible coverings of 1 percent from the net weight reported by the United States weigher; and the items invoiced as Sardo cheese consist of Romano cheese ·and, as such, are dutiable at 25 percent under paragraph 710, as modified, *supra*, less such allowance for tare as is applicable to the items marked "A" on the invoice.